**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

SCOTT A. MERRITT,

    *Plaintiff*,

v.

INTERNAL REVENUE SERVICE,
MICHIGAN DEPARTMENT OF
TREASURY,

    *Defendants*.

    _____/

CASE NO: 12-CV-14233

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be granted.

**II.   REPORT**

    **A.   Introduction**

On September 24, 2012, Plaintiff Scott A. Merritt filed this *pro se* action. The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 3.) Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). (Doc. 5.) After screening the *pro se* complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

### B. Screening Procedure & Governing Law

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When a plaintiff is proceeding without the assistance of counsel, courts are required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal

labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

### C. The Complaint

The Complaint in this case is written in narrative form with no citation to statutes or constitutional provisions. Plaintiff explains:

> I am filing this complaint in an effort to resolve a series of disputes with the internal revenue service and in spite of working through multiple dispute processes and with a tax advocate ruling in my favor as well as an appeals case agent, I have still not been returned all funds required to be returned. As a result I am filing this action seeking required funds returned, reimbursement of all costs as well as three times this subtotal as treble damages for their failure to comply fully with prior findings. Additionally I am seeking additional reimbursement by state treasury funds turned over to the IRS when a release in the matter had been field and submitted to the MI department of treasury yet they turned said funds over to the IRS even though possessed release showing matter resolved. They then used the claim as a basis to retain multiple subsequent refunds.

(Doc. 1 at 1-2.) Attached to the Complaint is a letter from the Taxpayer Advocate Service indicating that after several reviews, Plaintiff's tax liability for 2005 was reduced from $4,789.00 to $120.00. (Doc. 1 at 7.) Also attached is a notice from the Michigan Department of Treasury indicating that Plaintiff's 2010 refund of $936.00 would be held and used for child support debts. (Doc. 1 at 18.)

### D. Analysis & Conclusions

Although Congress has waived sovereign immunity for any "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority," 28 U.S.C. § 1346(a)(1), the Internal Revenue Code mandates that the taxpayer must

3

submit a claim first with the Secretary of the Internal Revenue Service ("IRS"). 26 U.S.C. § 7422(a). If the claim is disallowed, the taxpayer must then file suit within two years of the IRS's disallowance of the claim. 26 U.S.C. § 6352(a)(1). "A district court lacks jurisdiction to entertain a cause of action if the taxpayer fails to satisfy both requirements." *Peppers v. United States*, No. 11-2321, 2012 WL 2300688, at *1 (6th Cir. June 18, 2012).

Plaintiff has not alleged that he ever submitted any claim with the IRS, nor that he received any notice of disallowance. Since Plaintiff has not alleged or provided any evidence that he has properly submitted his claim to the IRS prior to filing this lawsuit, this Court lacks jurisdiction to entertain his cause of action.[1] I therefore recommend that the claim against the IRS be dismissed with prejudice.

As to the Michigan Department of Treasury, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute nor did it do so under § 1983, *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), I suggest that the Michigan Department of Treasury remains immune from suit under the Eleventh Amendment. *See Thiokol Corp. v. Dep't of Treasury, State of Michigan*, 987 F.2d 376, 381 (6th

---

[1] Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

4

Cir. 1993); *Lee v. Co-Op Credit Union*, No. 08-12170, 2009 WL 722714, at *1 (E.D. Mich. Mar. 17, 2009) (dismissing Michigan Department of Treasury based on Eleventh Amendment immunity). I therefore recommend that Plaintiff's claim against the Michigan Department of Treasury also be dismissed with prejudice.

### E. Conclusion

For the reasons stated above, I suggest that the case be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim upon which relief can be granted.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to

5

this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                                     s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗

                                                                     CHARLES E. BINDER

Dated: November 1, 2012                                   United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Scott A. Merritt, P.O. Box 725, Bay City, MI 48707.

Date:  November 1, 2012                               By    s/Patricia T. Morris
                                                                                             Law Clerk to Magistrate Judge Binder